1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Crystal Nix-Hines (Bar No. 326971)
2     Shon Morgan (Bar No. 187736)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017
   Telephone:  (213) 443-3000
4  Facsimile:  (213) 443-3100

5  Attorneys for Defendant General Motors LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| BRUCE SCHRAMM, on behalf of himself and others similarly situated, | Case No. 2:21-cv-6463-MEFM-DFM |
|---|---|
| Plaintiff, | **STIPULATION OF DISMISSAL** |
| v. | The Hon. Maame Ewusi-Mensah Frimpong |
| GENERAL MOTORS LLC, | Trial Date: None Set |
| Defendant. | |

|   |   |
|---|---|
| 1 | Plaintiff Bruce Schramm ("Plaintiff") and Defendant General Motors LLC |
| 2 | (collectively referred to herein as "the Parties"), by and through their respective |
| 3 | undersigned counsel of record, hereby submit this Stipulation in response to this |
| 4 | Court's Order re Voluntary Dismissal ECF 56 (ECF No. 59). |
| 5 | The Parties stipulate and agree that pursuant to Federal Rule of Civil |
| 6 | Procedure 41(a)(1)(A)(ii), all claims asserted individually by Plaintiff are dismissed |
| 7 | with prejudice, and the putative class claims are dismissed without prejudice. |
| 8 | Plaintiff has not moved for class certification, and no class has been certified. Each |
| 9 | side is to be responsible for and bear its own costs and expenses. |
| 10 | In further support of this Stipulation, the Parties further state and agree as |
| 11 | follows: |
| 12 | 1.     The Court has required the Parties to address the factors in *Diaz v.* |
| 13 | *Trust Territory of Pac. Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989). In *Diaz,* the |
| 14 | Ninth Circuit held that Rule 23(e) applies to pre-certification dismissal, "but in a |
| 15 | much lighter form that does not entail 'the kind of substantive oversight required |
| 16 | when reviewing a settlement binding upon the class.'" *Albers v. Yarbrough World* |
| 17 | *Sols., LLC*, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May |
| 18 | 13, 2021) (quoting *Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401, 1408 |
| 19 | (9th Cir. 1989)). |
| 20 | 2.     However, subsequent to the Ninth Circuit deciding *Diaz*, Rule 23 was |
| 21 | amended. Prior to the amendment, Rule 23(e) did not specify whether it applied |
| 22 | only after class certification. The Advisory Committee Notes for the 2003 |
| 23 | Amendments explain that the amended "Rule 23(e)(1)(A) resolves the ambiguity |
| 24 | in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' |
| 25 | That language could be—and at times was—read to require court approval of |
| 26 | settlements with putative class representatives that resolved only individual claims. |
| 27 | The new rule requires approval only if the claims, issues, or defenses of a certified |
| 28 | class are resolved by a settlement, voluntary dismissal, or compromise." Fed. R. |

Civ. P. 23 (Advisory Committee Notes (2003 Amendment)) (citation omitted).

3. The Parties recognize that this Court has suggested that *Diaz* continues to apply to pre-certification dismissals (*see* ECF 59 at *1). However, subsequent opinions examining this issue have concluded that *Diaz* no longer applies to pre-certification dismissals following the 2003 Amendments to Rule 23. *See, e.g., Valenzuela v. Mauser USA, LLC*, No. 1:20-CV-00094, 2021 WL 916412, at *1 (E.D. Cal. Mar. 10, 2021) (explaining that Rule 23(e) does not apply before certification and holding that dismissal under Rule 41(a)(1) "does not require court approval under Rule 23(e)," as the rules "allow the parties to voluntarily dismiss the action without court approval where the class has not been certified"); *Hall v. W. Ref. Retail, LLC et al.*, No. 5:19-cv-00855-VAP-SK, 2021 WL 4497925, at *1, n. 1 (C.D. Cal. June 23, 2021) (collecting cases and concluding that the Court need not apply *Diaz* and need not "approve the dismissal of the claims of a [pre-certification] putative class under Rule 23," following Rule 23's amendment in 2003); *Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) (noting that "in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims" and explaining that, "where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required").

4. Moreover, because Rule 23(e) does not apply to pre-certification dismissals, the parties' stipulation of dismissal under Rule 41(a)(1)(A) is self-executing: "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, . . . and the district court lacks jurisdiction to do anything about it." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999); *see also Black Rock City, LLC v. Pershing Cnty. Bd. of Comm'rs*, 637 F. App'x 488 (9th Cir. 2016) (vacating district court's order issued after parties filed stipulation for voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) because district court

lacked jurisdiction and authority to issue order after the stipulation was filed)); *Ho v. Floutsis*, No. 20-56017, 2022 WL 2115113, at *1 (9th Cir. June 13, 2022) (holding that plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1) "'automatically terminates the action, and thus federal jurisdiction, without judicial involvement'" (quoting *Com. Space Mgmt. Co.*,193 F.3d at 1076)); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2022) ("After the filing of a dismissal, the action no longer is pending, and generally no further proceedings in the action are proper.").

5. For the foregoing reasons, this Court need go no further in its analysis. However, if this Court wishes to proceed with an application of the *Diaz* factors, the Parties further state as follows:

6. On or about August 11, 2021, Plaintiff Schramm filed, in the United States District Court for the Central District of California, a putative class action complaint in civil action No. 2:21-cv-6463-VAP-DFM, styled as *Bruce Schramm v. General Motors LLC* (the "Lawsuit"). On December 17, 2021, Plaintiff Schramm filed a First Amended Complaint ("FAC"). The FAC asserts three causes of action: (i) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (ii) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; and (iii) violation of the Song-Beverly Act, §§ 1792, 1791.1, *et seq*.

7. There are no putative class members who have entered an appearance before this Court.

8. The Parties resolved this putative class action on an individual basis under the terms and conditions set forth in the Settlement Agreement, which does not prejudice any putative class member.

9. Pursuant to *Diaz,* to determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are

likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz,* 876 F.2d at 1408.  These factors weigh in favor of approving this Stipulation.

10. First, the Parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action, much less to their detriment—such that they will be prejudiced by the dismissal.  Courts have held that the first *Diaz* factor is satisfied where "coverage of the case in the media has been limited to a few mentions on legal news and court docket aggregators such as www.law360.com" and others.  *Albers*, 2021 WL 1925520, at *2; *see also Houston v. Cintas Corp.*, No. C 05-3145 JSW, 2009 WL 921627, at *2 (N.D. Cal. April 3, 2009) (approving settlement and dismissal without notice although there had been some minimal publicity).  Here, the Parties are not aware of any media attention to this Lawsuit.  Therefore, the first *Diaz* factor is satisfied.

11. With respect to the second *Diaz* factor, the relatively brief time this action was pending has not materially affected class members' ability to assert individual claims.  Further, Plaintiff takes the position that the pendency of this putative class action tolled the statute of limitations applicable to any individual claims based on the same facts and circumstances; therefore, on the date of dismissal, the unnamed putative class members will be in the same position as they were at the time Plaintiff Schramm filed the initial complaint on August 11, 2021.  *See e.g., Tombline v. Wells Fargo Bank, N.A*, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014) (the "filing of the class action complaint toll[s] the statute of limitations, which will not resume running until [plaintiffs'] class claims are dismissed" and because absent class members will not "face a short fuse on pursuing the claims to be dismissed," the second *Diaz* factor favors dismissal.)

12. Third, there has been no concession of class interests, as the claims of the absent class members are being dismissed without prejudice, and any absent class member is free to pursue his or her claims. Under these circumstances, courts have found that unnamed class members are not prejudiced. *See Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 WL 7803796, at *4 (C.D Cal. Nov. 16, 2017) (finding no concession or prejudice to rights of potential class members where individual plaintiff released and dismissed his claims with prejudice, and the putative class members' claims without prejudice); *see also Tombline*, 2014 WL 5140048, at *3 ("Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced."); *Houston*, 2009 WL 921627, at *2 ("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members."). Therefore, the putative class members' claims will not be compromised by the dismissal of this matter.

13. Moreover, even though the Settlement Agreement does not release the claims of the putative class members, the Settlement Agreement requires the Defendant, *inter alia*, to issue a notice to all authorized dealers of GMC Yukon, Yukon XL, Yukon Denali, and Yukon Denali XL vehicles for Model Years 2015-2017 reminding them of the terms of the Revised May 2020 Special Coverage Adjustment, Bulletin N182180270, which includes a warranty extension for certain vehicle components at issue in the Action ¶¶2. Stated another way, the Settlement Agreement requires that Defendant offer a free benefit to similarly situated owners and lessees—even though Defendant does not receive any release in return for issuing a notice and offering this benefit. (In this way, the prior *Diaz* factors also are bolstered in that class members will now have actual notice about

the issue giving rise to this Lawsuit and can act accordingly.)[1]

14. In sum, the *Diaz* factors favor approving the dismissal requested without notice.

WHEREFORE, the Parties respectfully request that the Court close the case and adjust the docket to reflect the voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) based on this Stipulation; or in the alternative enter the original proposed order (ECF 56) dismissing Plaintiff's individual claims with prejudice and dismissing the class claims without prejudice.

IT IS SO STIPULATED.

DATED: November 9, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Crystal Nix-Hines*
Crystal Nix-Hines
*Attorneys for General Motors LLC*

DATED: November 9, 2022    POMERANTZ LLP

By  */s/ Ari Yale Basser*
Ari Yale Basser
*Attorneys for Plaintiff*

---

[1] Pursuant to this Court's Order (ECF No. 59), the Parties will submit their Settlement Agreement to the Court for its review. As the Settlement Agreement is confidential, the Parties will submit the Settlement Agreement to the Court's Courtroom Deputy for the Court's *in camera* review.

**ECF ATTESTATION**

I, Ari Y. Basser, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4(a)(2).

By    */s/ Ari Y. Basser*
　　　　Ari Y. Basser